Argued January 2, affirmed January 15, 1918.

## FINLEY *v.* MORRISON.

(169 Pac. 781.)

**Executors and Administrators—Sale of Land—Order of Publication.**

1. Under Code directing that publication of citation to heirs on petition for sale of decedent's land shall be for not less than four weeks or for such further time as the court or judge may direct, an order dated July 31st, directing publication of citation on petition for sale of land for not less than ten weeks, and fixing October 2d as the return day, was valid, although there were only eight weeks between the dates named.

[As to construction of requirement of publication once per week for a certain number of weeks, see note in **Ann. Cas. 1917B,** 209.]

From Linn: WILLIAM GALLOWAY, Judge.

Department 1. Statement by MR. JUSTICE BENSON.

This is a suit to quiet title. The undisputed facts are about as follows: Hugh P. Drennen, a resident of Clatsop County, was the owner of the land at the time of his death, April 13, 1899. John Chitwood was ap-

pointed administrator of the estate of the decedent and, having qualified, made a showing to the effect that the estate was insolvent and that it was therefore necessary to sell all of the real estate for the payment of decedent's debts. Upon such petition and showing, the court made an order on July 31, 1899, in the following form:

"Therefore it is hereby ordered and adjudged that citation issue herein to the heirs at law of said deceased and to all others interested in said estate to appear in this court on Monday the 2d day of October, 1899, at 10 o'clock in the forenoon of said day at the courtroom of this court at the courthouse, Astoria, Oregon, to show cause if any exist why the prayer of said petition to sell real estate described therein, should not be granted.

"It is further ordered that services on said heirs and others be made by publication of citation, in the 'Astoria Herald,' a weekly newspaper published at Astoria, Oregon, having a general circulation in said county and state, for not less than 10 successive weeks from the first day of publication and that return and proof of publication be made herein."

Pursuant thereto a notice was published in the newspaper designated, for eight successive weeks, the first publication being on August 5th, and the last on September 30th. On October 2d, the specified return day, an order was duly made directing the administrator to sell the land and thereafter the sale was made at public auction at which the plaintiff became the purchaser of the land involved herein, for the sum of $500. Being timber land the property has not since been in the actual possession of anybody, but plaintiff has regularly paid all taxes assessed against it. At the time of the sale it was not known that Drennen had any heirs, although great diligence had been exercised in seeking them. The proceeds of the sale were not suffi-

cient to pay the decedent's debts and the several credi-
tors accepted lesser amounts in satisfaction of their
claims.    The sale to the plaintiff was confirmed and an
administrator's deed executed December 7, 1899, which
was recorded February 8, 1900.    No adverse claim to
. the property was ever made until quitclaim deeds from
parties claiming to be nephew and niece of decedent
were recorded on July 27, 1915, and January 7, 1916.
Upon learning the fact of such record plaintiff began
this suit.    A trial in the Circuit Court resulted in a
decree for plaintiff and defendants appeal.

AFFIRMED.

For appellants there was a brief and an oral argu-
ment by *Mr. R. Sleight.*

For respondent there was a brief over the names of
*Messrs. Snow & McCamant* and *Mr. W. Lair Thomp-
son,* with an oral argument by *Mr. Thompson.*

MR. JUSTICE BENSON delivered the opinion of the
court.

1. The one serious contention of the defendants is that
the sale of the land by the administrator is void be-
cause the order directing a citation to issue to the heirs
contains a direction that the notice shall be published
for not less than ten successive weeks, and that it ap-
pears upon the face of the record that it was published
for only eight weeks.    The order fixes a definite return
day, which is the first day of a regular term of the
court.    Between that day and the date upon which the
order was passed (July 31st) there were not ten weeks
intervening and that part of the order was of course
impossible of performance.    This being true, it ap-
pears beyond controversy that the provision for ten
weeks of publication was a clerical error, either of com-

putation or of writing. The statute which provides for such publication directs that it shall be for "not less than four weeks, or for such further time as the court or judge may prescribe." The order would have been perfectly good and valid if it had been silent as to the number of weeks, for then the statutory time would be implied. The important thing in the citation is the date fixed for the hearing. It has been held that a mistake amounting to an impossibility appearing upon the face of a judgment will not destroy the judgment if enough remains after it is eliminated to disclose the actual judgment rendered: 1 Black on Judgments, § 123. The elimination of the impossible requirement of the order in this case leaves a perfectly good citation, from which it follows that the decree must be affirmed and it is so ordered.   AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.